CITY OF CONCORD, A MUNICIPAL CORPORATION, PLAINTIFF-APPELLANT v. DUKE POWER COMPANY, A DOMESTIC CORPORATION, DEFENDANT-APPELLEE

No. 9419SC264

(Filed 16 April 1996)

**Energy § 5 (NCI4th)— electric service from two suppliers— date property annexed as determination date—plaintiff as sole supplier**

In deciding which electric supplier had the right to serve a commercial customer under the Electric Act of 1965, the "determination date" was when the customer's premises were annexed by plaintiff city in 1986 rather than when the area that included defendant power company's line within 300 feet of the customer's premises was annexed in 1992. Where plaintiff city was the only

supplier entitled to provide electric service to the customer on the determination date, plaintiff had the exclusive right to provide such service, and the customer did not have a choice between the city and defendant power company. N.C.G.S. § 160A-331(1)(b); N.C.G.S. §§ 160A-332(a)(5) and (7).

**Am Jur 2d, Electricity, Gas and Steam §§ 27 et seq.; Energy §§ 57-76.**

Appeal by plaintiff from order entered 3 January 1994 by Judge A. Leon Stanback in Cabarrus County Superior Court. Heard in the Court of Appeals 9 January 1996.

*Poyner & Spruill, L.L.P., by Ernie K. Murray and Deborah L. Edwards, for plaintiff-appellant.*

*Jeff D. Griffith, III and Hartsell, Hartsell & Mills, P.A., by Fletcher L. Hartsell, Jr., for defendant-appellee Duke Power Company.*

JOHNSON, Judge.

Plaintiff City of Concord (City) is a municipal corporation in Cabarrus County chartered under the laws of North Carolina. Plaintiff owns and operates an electrical distribution system through which it transmits, sells and generally provides electric service to electric power customers. Defendant Duke Power Company (Duke) is a public utility corporation engaged in furnishing electric service to customers in the Piedmont area of North Carolina, including Cabarrus County.

The parties stipulated to the following facts: At the time of the institution of the present civil action, a building was being constructed at 1025 North Central Drive in Concord, North Carolina on a lot owned by David Catchpole (the Catchpole Premises). At the time of the institution of this civil action, the Catchpole Premises initially required, but had not yet received, permanent electric service.

The Catchpole Premises are located wholly within 300 feet of an area annexed into the City of Concord on 30 June 1986 (1986 annexation area). Plaintiff has a conductor for the distribution of electricity located inside the 1986 annexation area that was there on that area's effective date of annexation. The Catchpole Premises is located wholly within 300 feet of the aforementioned Concord conductor.

CITY OF CONCORD v. DUKE POWER CO.

[122 N.C. App. 248 (1996)]

Duke has a conductor for distribution of electricity located inside an area annexed into the City of Concord on 30 June 1992 (1992 annexation area). This Duke conductor was in existence a number of years prior to the annexation of the 1986 annexation area. The 1992 annexation area is contiguous to the 1986 annexation area.

The Catchpole Premises is located wholly or partially within 300 feet of the Duke conductor in the 1992 annexation area, but the Catchpole Premises is not located wholly or partially within 300 feet of any other Duke conductor.

David Catchpole has requested that Duke provide permanent electric service to the Catchpole Premises. Duke was providing temporary electric service to the Catchpole Premises at the request of Mr. Catchpole. Both Duke and plaintiff City contend that they have the right to provide the Catchpole Premises with electric service.

Plaintiff brought an action seeking a declaratory judgment adjudging the City of Concord to have the exclusive right to provide electric service to certain commercial premises belonging to Mr. Catchpole. A temporary restraining order and preliminary injunction were entered in favor of plaintiff restraining Duke from serving the premises. Later, at trial before Judge A. Leon Stanback, Jr., an order was entered adjudging Duke to have the right to serve the Catchpole Premises and ordering the City to dismantle its service to the premises. Plaintiff City appeals.

Plaintiff argues that the trial court erred in determining that North Carolina General Statutes § 160A-332(a)(5) (1994) gave Duke Power Company service rights to the Catchpole Premises. The trial judge summarized the issue in this case as whether the first annexation date, which excluded a pre-existing electrical supplier's conductor, prevented that conductor from acquiring any service rights set forth in the Electric Act, or does a conductor, upon annexation, acquire such rights as are given them under section 160A-332. The trial judge's order adopted the latter version, i.e., that the conductor, upon annexation, acquired rights pursuant to section 160A-332.

The service rights of electric suppliers in a municipality is provided for in North Carolina General Statutes §§ 160A-331 through 160A-338 (1994). Sections 160A-331 and 160A-332 are the pertinent portions of the Electric Act in this appeal.

N.C. Gen. Stat. § 160A-331 entitled "Definitions" provides:

Unless the context otherwise requires, the following words and phrases shall have the meanings indicated when used in this Part:

(1) The "determination date" is

    a. April 20, 1965, with respect to areas within the corporate limits of any city as of April 20, 1965;

    b. The effective date of annexation with respect to areas annexed to any city after April 20, 1965;

    c. The date a primary supplier comes into being with respect to any city first incorporated after April 20, 1965.

. . .

(2) "Line" means any conductor located inside the city for distributing or transmitting electricity . . . .

. . .

(3) "Premises" means the building, structure, or facility to which electricity is being or is to be furnished. . . .

N.C. Gen. Stat. § 160A-332 entitled "Electric service within city limits" provides:

(a) The suppliers of electric service inside the corporate limits of any city in which a secondary supplier was furnishing electric service on the determination date (as defined in G.S. 160A-331(1)) shall have rights and be subject to restrictions as follows:

. . .

(5) Any premises initially requiring electric service after the determination date which are located wholly or partially within 300 feet of the primary supplier's lines and are located wholly or partially within 300 feet of the secondary supplier's lines, as such suppliers' lines existed on the determination date, may be served by either the secondary supplier or the primary supplier, whichever the consumer chooses, and no other supplier shall thereafter furnish service to such premises, except with the written consent of the supplier then servicing the premises.

. . .

(7) Except as provided in subdivisions (1), (2), (3), (5), and (6) of this section, a secondary supplier shall not furnish electric service within the corporate limits of any city unless it first obtains the written consent of the city and the primary supplier.

The Electric Act of 1965 was designed to prevent or reduce litigation regarding electric services rights between suppliers. *Duke Power Co. v. City of Morganton*, 90 N.C. App. 755, 756, 370 S.E.2d 54, 55, *disc. review denied*, 323 N.C. 364, 373 S.E.2d 544 (1988); *Electric Service v. City of Rocky Mount*, 285 N.C. 135, 141, 203 S.E.2d 838, 842 (1974). The language in the statute is clear and unambiguous. *Morganton*, 90 N.C. App. at 758, 370 S.E.2d at 56.

In determining whether the trial court erred in the order, we must first determine whether the determination date in this case is 30 June 1986 or 30 June 1992, and whether the Duke conductor was a "line" as statutorily defined on the determination date. The statute defines the "determination date" as "[t]he effective date of annexation with respect to areas annexed to any city after April 20, 1965[.]" N.C. Gen. Stat. § 160A-331(1)b.

Plaintiff's argument is that the determination date is 30 June 1986, the date upon which the area containing the Catchpole Premises was annexed to the City. Plaintiff contends that because the Catchpole Premises was annexed on 30 June 1986 that this date is the determination date, and that it has the right to provide electric service because Duke did not have a line until 1992 because the Duke conductor was not located inside the city. Plaintiff further contends that section 160A-332(a)(5) requires that the lines be wholly or partially within 300 feet of the premises; that the lines must have existed on the determination date; that the Duke lines did not exist when the premises were annexed in 1986—the determination date; therefore, defendant is prohibited from servicing the premises by section 160A-332(a)(7) which provides:

Except as provided in subdivisions (1), (2), (3), (5) and (6) of this section, a secondary supplier shall not furnish electric service within the corporate limits of any city unless it first obtains the written consent of the city and the primary supplier.

Subsections (1), (2), (3) and (6) of section 160A-332(a) are not applicable in this appeal, and subsection (5) is not applicable under plaintiff's present argument because on the date that the premises

CITY OF CONCORD v. DUKE POWER CO.

[122 N.C. App. 248 (1996)]

were annexed in 1986, the determination date, Duke did not have a qualifying line inside the City that was wholly or partially within 300 feet of the premises.

Defendant's argument, however, is that the only limitation is the 300 feet requirement, and that section 160A-331(1)b makes the determination date applicable only when the areas had competing electric suppliers. Defendant contends that because the City was the only supplier with a line in the 1986 annexed area encompassing the Catchpole Premises and located wholly within 300 feet of the premises, that there was no need to seek a "determination date" or apply a "determination date" because there were no competing lines in the annexed area until 1992.

Accordingly, Duke argues that when the City annexed Duke's adjoining lines within city limits in 1992, the determination date for potentially conflicting service lines existed as of 30 June 1992 and defendant acquired its 300 feet service rights within the City pursuant to section 160A-332(a)(5). The consumer was then given the choice, and Mr. Catchpole selected Duke; thus, the trial court did not err. Defendant argues that this Court's decision in *Duke Power Co. v. City of High Point*, 69 N.C. App. 378, 385, 317 S.E.2d 701, 705 (quoting N.C. G.S. § 160A-331), *disc. review denied*, 312 N.C. 82, 321 S.E.2d 895 (1984), supports this position—"Born upon the effective date of annexation, statutorily defined as 'the determination date,' are the rights of 'primary' and 'secondary suppliers.' "

Additionally, defendant argues that the legislature did not intend to limit service to the annexed area. Defendant argues that the City's interpretation would allow the City to defeat the statutory right given to secondary suppliers within the city limits by using its annexations to exclude lines of electric suppliers, and then later bring those lines into the City at a later date; thereby, effectively eliminating their statutory right as suppliers. Further, defendant argues that it eliminates the consumer's right to choose his own electric supplier, an interpretation that the legislature did not intend.

After a careful review of the cases on this topic, we find that none of the cases give definitive guidance on section 160A-331(1)b and "the effective date of annexation with respect to areas annexed to any city . . . ." Thus, we look to the language of section 160A-331(1) which states that the determination date occurs on the date that the area was annexed. Moreover, in *Morganton*, 90 N.C. App. 755, 370 S.E.2d 54, this Court stated that the determination date is when the property

N.C. FARM BUREAU MUT. INS. CO. v. STAMPER

[122 N.C. App. 254 (1996)]

or premises become annexed. Accordingly, as the Catchpole Premises was annexed on 30 June 1986 and the City was the only supplier entitled to provide services on the determination date, the trial court erred in holding that the determination date was the date that the Duke conductor was annexed in 1992.

Therefore, for the reasons listed herein, this action is reversed and remanded.

Reversed and remanded.

Judges JOHN and SMITH concur.